**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL P. O'NEIL,<br><br>                Plaintiff,<br><br>        v.<br><br>A. BUNCH, et al.,<br><br>                Defendants. | Case No. 1:23-cv-00597 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(Doc. 8) |

Michael O'Neil is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The assigned magistrate judge issued Findings and Recommendations, recommending that Plaintiff's case be dismissed with prejudice for failure to state a claim. (Doc. 8.) The magistrate judge further recommended that the case be dismissed for failure to prosecute and failure to comply with a court order based on Plaintiff's failure to respond to the screening order. Plaintiff filed objections. (Doc. 9.)

According to 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations are supported by the record and proper analysis.

Plaintiff first addresses his filing delays, arguing that his knowledge of the law and access to legal resources are limited, and that his "paperwork" was held for 45 days without justification.

(Doc. 9 at 1-2.) The Court construes this as a response to the magistrate judge's recommendation that Plaintiff's claims be dismissed for failure to prosecute and failure to comply with the Court's screening order. However, these reasons are insufficient to warrant a deviation from the magistrate judge's recommendation. "Prisoners do not have 'an abstract, freestanding right to a law library or legal assistance.' Prisoners must demonstrate that the alleged shortcomings in the library or legal assistance program 'hindered efforts in pursuing a claim.'" *McLean v. Shelton*, 2016 WL 1064486, at *2 (D. Or. Mar. 16, 2016) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Plaintiff fails to demonstrate his limited access to resources have hindered his efforts.

Plaintiff claims prison administrative officers withheld his paperwork when he attempted to electronically file his "claim to the court." (Doc. 9 at 1.) However, to the extent he refers to the prison withholding his *original* complaint, this has no bearing on the Findings and Recommendations that found that Plaintiff failed to comply with a court order by not filing an amended complaint or notifying the Court that he wished to stand upon his original complaint. Moreover, Plaintiff does not explain how that this impeded his efforts to file an amended complaint. In other words, this explanation does not speak to the basis for the magistrate judge's recommendation. (*See* Doc. 1.)

Plaintiff also states that he "would very much like to prosecute, but does not know how to go about that and if standing on [his] complaint now would satisfy the court's previous order then that's what [he] would like to do." (Doc. 9 at 4.) Unfortunately, the Court agrees that Plaintiff's original complaint failed to state a cognizable claim. Thus, standing on his complaint will not result in the case moving forward. In his objections, Plaintiff maintains his "belief" that he made a "solid claim" supported by facts, which he contends should warrant "additional inquiry/investigating by the court." (*Id*. at 2, 4.) However, the additional facts asserted in Plaintiff's objections are not sufficient to cure the deficiencies noted in the Findings and Recommendations.

Plaintiff first asserts a staff member by the name of S. Smith used their position of authority to remove his medical chrono clearing him for single cell living. (Doc. 9 at 2.) S. Smith is not a named defendant and to the extent Plaintiff attempts to state a claim against a named

Defendant, this single, conclusory allegation is insufficient to connect S. Smith's actions with those of any named Defendant. Similarly, Plaintiff argues a staff member by the name of Captain Ramirez was somehow involved in the investigation of an alleged "drug debt" Plaintiff had accrued, but Captain Ramirez is not a named defendant nor does this allegation state a claim against any named Defendant.

Finally, Plaintiff attempts to cure the noted deficiencies of his conspiracy claim. According to the complaint, Plaintiff alleges that Defendants Thompson and Pena "put on his chrono that he fears for his safety" and "[t]o insure other inmates would become aware of this false rumor they began, they conspired with Defendant Bunch by having him issue an 'ASU Placement Notice.'" (Doc. 1 at 8, ¶¶ 53-54.) In the Findings and Recommendations, the magistrate judge found that "Plaintiff's allegations that defendants Thompson and Pena conspired with defendant Bunch to ensure that other inmates would become aware of the false statement, there are no factual allegations, such as anything any of these defendants said or did, to support Plaintiff's conclusory assertion of a conspiracy between these defendants." (Doc. 8 at 15.) In response, Plaintiff asserts that under California law, Unit/Institutional Classification Committee hearings require the presence of a chairperson and recorder, which means the hearings are recorded and "there is literally [sic] a verbal record of what was said during the committee action." (Doc. 9 at 3.) He continues that the experience level requirements mean that between Defendants Bunch, Thompson, and Pena, there "was/is … experience … as well as expertise" of 20-30 years. (*Id*.) Plaintiff explains the reason for providing this additional information is to show that these Defendants "were well aware of what their actions would cause." (*Id*.) However, Plaintiff fails to explain how the hearing being recorded or Defendants' awareness are sufficient to state a conspiracy claim. As the magistrate judge indicated,

> To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or meeting of the minds to violate constitutional rights, *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001), and that an "actual deprivation of his constitutional rights resulted from the alleged conspiracy," *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the

plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir.1989)). Additionally, Plaintiff must show that Defendants "conspired or acted jointly in concert and that some overt act [was] done in furtherance of the conspiracy." *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974). "[M]ore than vague conclusory allegations are required to state a [conspiracy] claim." *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

(Doc. 8 at 15 n. 2.) On its own, an allegation that a defendant was aware of the effect his actions would cause is not sufficient to state a claim for conspiracy under section 1983, and Plaintiff makes no assertions that Defendants said or did anything to support a claim for conspiracy, in order to cure the deficiency noted by the magistrate judge. Thus, the Court finds the Findings and Recommendations are supported by the record and proper analysis. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 18, 2023, (Doc. 8), are **ADOPTED IN FULL**.
2. This action is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment against Plaintiff.

IT IS SO ORDERED.

Dated:   **October 4, 2023**

UNITED STATES DISTRICT JUDGE